IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) Chapter 11 |
| ALFREDO AVILA and | ) |
| TERESITA MARSAL-AVILA, | ) |
| | ) Case No. 15-14355 |
| Debtors. | ) |
| | ) |
| | ) |
| | ) |
| | ) Honorable Judge Jack B. Schmetterer |

PLAN OF REORGANIZATION

ALREDO AVILA and TERESITA MARSAL-AVILA, Debtors and Debtors-in-Possession in this Chapter 11 Case (hereinafter "the Debtors"), by and through their Attorneys, Paul M. Bach and Penelope N. Bach of Sulaiman Law Group, Ltd, propose the following Plan of Reorganization (hereinafter called "Plan" or "the Plan") in accordance with Section 1121 (a) of the Bankruptcy Code.

This Plan is the Debtors' proposal for the Debtors' payment of the Claims of their creditors as of the Petition Date.

The Debtors, by this Plan, solicit the acceptances of all creditors whose claims are Impaired. The Debtors believe that acceptance of this Plan would be in the best interest of the Debtors' creditors. THE DEBTORS URGE ALL CREDITORS TO ACCEPT THIS PLAN.

PREAMBLE

The Debtors filed their voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on April 22, 2015. The Debtors have operated their businesses (immigration law firm and construction) and managed their financial affairs as Debtors-in-Possession since the

inception of this reorganization case pursuant to Sections 1101 and 1107 of the Bankruptcy Code. No trustee, examiner or committee of unsecured creditors have been appointed to serve in this Chapter 11 case.

The Debtors are the proponents and disbursing agents of this Plan. This Plan provides for distributions to the holders of allowed claims from the continued operation of the immigration law firm and construction businesses.

In Summary, and as stated in detail below, the Debtors owned three improved parcels of real estate at the time of filing. The majority of the total dollar amount of creditors' claims relate to one of these three parcels of real estate. The Debtors have also has unsecured creditors, namely American Express Centurion Bank, American Express Travel Related Services, JPMorgan Chase Bank, N.A. (3 accounts), Citibank SD, N.A., Comenity Bank, DSNB Macy's, Quantum3 Group LLC, Synchrony Bank, Target Credit Card and Wells Fargo Bank, N.A. (3 accounts). The Debtor's Plan contains but is not limited to the following provisions:

1) <u>34 Regent Drive, Oak Brook, Illinois 60523</u>. The Debtors are continuing to make monthly installment payments maintaining payments to both the first mortgage (PNC Bank, N.A.) and the second mortgage (TCF National Bank, N.A.).

2) <u>2500 S. Drake Avenue, Chicago, Illinois 60623 and 2458 S. Millard, Chicago, Illinois 60623</u> Both of these properties are surrendered to ByLine Bank in full satisfaction of their secured claim.

3) <u>2012 Audi A8L and 2003 Toyota Tundra</u>. The Debtors are continuing to make monthly installment payments maintaining payments to both vehicles to PNC Bank, N.A. (Audi) and Toyota Lease Trust (Toyota).

4) The Debtors will be making monthly installment payments to unsecured creditors in

monthly installments over a period of ten (10) years. Each creditor will get a pro rata share of $1,584.39 per month leaving a total payment in the amount of $190,127.29.

For a complete discussion of the mechanics of this Plan, the reader's attention is directed to the Disclosure Statement filed by the Debtors in connection with this Plan.

## ARTICLE I DEFINITIONS

The following terms, when used herein, shall have the meaning specified below, unless the context otherwise requires:

1.1 Administrative Expense: A cost or expense of administration of this Chapter 11 case, including any actual and necessary expense of preserving or liquidating the estate, or of operating the business of the Debtors and all allowances approved by the Bankruptcy Court in accordance with applicable provisions of the Bankruptcy Code.

1.2 Allowed Claim: A claim (i) a proof of which is filed within the time fixed by the Bankruptcy Court or applicable rules or statutes, and with respect to which no objection has been timely filed by any party in interest, or (ii) that has been, or hereafter is, listed by the Debtors as liquidated in amount and not disputed or contingent, or (iii) that has been allowed by Order of this Court, or (iv) that is allowed by the provisions of this Plan.

1.3 Allowed Interest: An "Interest" (as defined below) (i) proof of which has been filed within the time fixed by the Bankruptcy Rules or within the time fixed by the Bankruptcy Court; or (ii) that has been scheduled in the list of equity security holders prepared and filed with the Bankruptcy Court; and (iii) that has been allowed by Order of this Court, or (iv) that is allowed by the provisions of this Plan.

1.4 Bankruptcy Code: Title 11 of the United States Code, Section 101 et seq., as amended.

1.5 Bankruptcy Court: The United States Bankruptcy Court for the Northern District of Illinois,

Case 15-14355    Doc 45    Filed 08/20/15    Entered 08/20/15 18:10:10    Desc Main
            Document      Page 4 of 13

Eastern Division.

1.6 <u>Bankruptcy Rules</u>: The Federal Rules of Bankruptcy Procedure as prescribed by the Supreme Court of the United States.

1.7 <u>Chapter 11</u>: Chapter 11 of the United States Bankruptcy Code.

1.8 <u>Claim</u>: The term "Claim" shall have the meaning set forth in Section 101(5) of the Bankruptcy Code

1.9 <u>Confirmation</u>: The entry by the Bankruptcy Court of a Final Order confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.10 <u>Debtors</u>: ALREDO AVILA and TERESITA MARSAL-AVILA

1.11 <u>Debtors in Possession</u>: ALREDO AVILA and TERESITA MARSAL-AVILA

1.12 <u>Effective Date</u>: Thirty (30) days following the entry of a Final Order confirming this Plan.

1.13 <u>Final Order</u>: (a) an order or a judgment that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek reargument, reconsideration or rehearing has expired and has not been extended and as to which no appeal, petition for certiorari, reargument, reconsideration or rehearing is pending, or (ii) an order or a judgment for which an appeal, reargument, reconsideration, rehearing or certiorari has been sought, and as to which the order or judgment has been affirmed or the request for reargument, reconsideration, rehearing or certiorari has been denied, and the time to take any further appeal, reargument, reconsideration, rehearing or certiorari has expired, so that in the event of either (i) or (ii), such order or judgment shall have become final and non-appealable in accordance with applicable law.

1.14    <u>Late Filed Claims</u>: A claim for which the claimant filed a proof of claim after the deadline set by the Court for filing proofs of claim.

1.15    <u>Month</u>: A calendar month, including the month in which a date or event occurs.

1.16  Plan: This Plan of Reorganization including any amendments or modifications thereto.

1.17  Pro-rata: With respect to any distribution on account of any claim or matter, in the same proportion as the amount of such claim or matter bears to the aggregate amount of all claims or matters of its class.

1.18  Unless otherwise defined, the words and phrases used herein shall have the meanings ascribed in the Bankruptcy Code and in the Bankruptcy Rules.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 Allowed Claims against and Allowed Interests in the Debtors in this estate shall be fixed and determined as of the Petition Date and are classified as follows:

Administrative Expenses

Class One - Allowed Secured Claim of PNC Bank, N.A. as to 34 Regent Drive, Oak Brook, Illinois 60523 that is unimpaired.

Class Two - Allowed Secured Claim of TCF National Bank as to 34 Regent Drive, Oak Brook, Illinois 60523 that is unimpaired.

Class Three - Allowed Secured Claim of ByLine Bank as 2500 S. Drake Avenue, Chicago, Illinois 60623 and 2458 S. Millard, Chicago, Illinois 60623 that is surrendered in full satisfaction of the Allowed Secured Claim. No portion of the Allowed ByLine Bank Claim will be classified as unsecured non priority.

Class Four - Allowed Secured Claim of PNC Bank, N.A. as to the 2012 Audi A8L34 that is unimpaired.

Class Five - Allowed Secured Claim of Toyota Lease Trust as to the 2003 Toyota Tundra that is unimpaired.

Class Six - Allowed General Non Priority Unsecured Claims.

2.2 Resolution of Disputes: Disputes regarding the proper classification of Claims shall be resolved pursuant to the procedures established in the Bankruptcy Code, the Rules and other applicable laws. The Court shall have exclusive jurisdiction over disputes concerning the classification of claims. Filing an Amended Proof of Claim does not change any creditor classification under this Claim. Resolution of any such disputes shall not be a condition precedent to Confirmation or Consummation of the Plan.

2.3 A Claim or Interest is classified in a particular Class only to extent that the Claim or Interest qualifies within the description of that Class.

2.4 Distributions of Disputed Claims: Payments and distributions to each holder of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provisions of this Plan with respect to the Class of Creditors to which the respective holder of an allowed Claim belongs and not be filing an Amended Proof of Claim. Such payments and distributions shall be made as soon as practicable after the date that the order or judgment allowing such Claim is a Final Order.

## ARTICLE III
## TREATMENT OF CLAIMS AND INTERESTS

### 3.1 TREATMENT OF UNIMPAIRED CLAIMS

The following class(es) are unimpaired by the Plan in accordance with Section 1124 of the Bankruptcy Code or are not required to be classified in this Plan of Reorganization under provisions of the Bankruptcy Code

**Administrative Expenses** These claimants represent claims arising post-petition. Any Administrative Expense that is an Allowed Claim shall be paid by the Reorganized Debtors, in full, in cash or as otherwise agreed. Payment of Professional Fees shall be subject to the provisions of Section 330(a) and 331 of the Bankruptcy Code or as otherwise provided by the

Plan. United States Trustee and bankruptcy attorney fees shall be paid in full on or before the Effective Date or as they come due thereafter. The source of payment for these amounts will be the Debtors' income from operations and from employment. The Debtors expect Administrative Claims will be approximately $50,000.00 as of the Effective date.

**CLASS 1 -Secured Claim of PNC Bank, N.A. as to 34 Regent Drive, Oak Brook, Illinois 60523**. PNC Bank, N.A. holds a perfected first mortgage on the real estate commonly known as to 34 Regent Drive, Oak Brook, Illinois in the amount of $394,329.93 (Claim Number 13). The Allowed Claim of PNC Bank, N.A. (Claim Number 13) is a fully secured claim. The secured claim is dealt with in Class 1 and is not impaired. Commencing with the first payment due after the Petition Date, the Debtors shall make monthly mortgage payments to PNC Bank, N.A. directly in the amount of $2,692.13 per month in accordance with the terms of the underlying loan documents increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements. All remaining terms of the original note that are not inconsistent with this section remain in effect.

**CLASS 2 -Secured Claim of TCF National Bank as to 34 Regent Drive, Oak Brook, Illinois 60523**. TCF National Bank holds a perfected second mortgage on the real estate commonly known as to 34 Regent Drive, Oak Brook, Illinois in the approximate amount of $189,610.00. The Allowed Claim of TCF National Bank is a fully secured claim. The secured claim is dealt with in Class 2 and is not impaired. Commencing with the first payment due after the Petition Date, the Debtors shall make monthly mortgage payments to TCF National Bank directly in the amount of $800.00 per month in accordance with the terms of the underlying loan documents increased or decreased as necessary to reflect changes in variable interest rates, escrow

requirements. All remaining terms of the original note that are not inconsistent with this section remain in effect.

**CLASS 4- Secured Claim of PNC Bank, N.A.** Secured Claim of PNC Bank, N.A. as to the Debtors' 2012 Audi A8L. PNC Bank, N.A. holds the perfected lien on the Debtors' 2012 Audi A8L. The debtors owed on the Petition date, $56,331.31 (Claim 2) as to the Debtors' 2012 Audi A8L. The Debtors will pay the full amount due and owing pursuant to the underlying retail installment contract including any interest, late charges, other fees, etc. and PNC Bank N.A. shall retain their lien until such time as the underlying retail installment contract has been fully satisfied pursuant to applicable non-bankruptcy law. This claim is not impaired.

**CLASS 5- Secured Claim of Toyota Lease Trust.** Secured Claim of Toyota Lease Trust as to the Debtors' 2013 Toyota Tundra. Toyota Lease Trust holds the perfected lien on the Debtors' 2013 Toyota Tundra. The debtors owed on the Petition date, $6,036.03 as to the Debtors' 2013 Toyota Tundra. The Debtors will pay the full amount due and owing pursuant to the underlying retail installment contract including any interest, late charges, other fees, etc. and Toyota Lease Trust shall retain their lien until such time as the underlying retail installment contract has been fully satisfied pursuant to applicable non-bankruptcy law. This claim is not impaired.

### 3.2 TREATMENT OF IMPAIRED CLAIMS

The claims in the Classes listed below are impaired by the Plan:

#### A. ALLOWED SECURED CLAIMS THAT ARE IMPAIRED

Allowed Secured Claims that are impaired include each Allowed Secured Claim held by a Creditor that the Debtors were not current and in default with on the Petition date relating to real estate that is secured by one or more of the Debtors' Assets and is not disputed, contingent or unliquidated and allowed as of the effective date. Each creditor shall be paid as stated in the

detail under each claim.

**CLASS 3-Secured Claim Byline Bank as to 2500 S. Drake Avenue, Chicago, Illinois 60623 and 2458 S. Millard, Chicago, Illinois 60623.** Byline Bank holds the perfected security interests on the Debtors' real estate commonly known as 2500 S. Drake Avenue, Chicago, Illinois 60623 and 2458 S. Millard, Chicago, Illinois 60623. The secured claim of Byline Bank shall be allowed in the amount of $1,174,506.00 (Claim 9). Debtors surrender the real property commonly known as 2500 S. Drake Avenue, Chicago, Illinois 60623 and 2458 S. Millard, Chicago, Illinois 60623 in full satisfaction of the Secured Claim of Byline Bank. No portion of ByLine Bank's Claim is unsecured non priority and as a result Byline is treated only as a fully Secured Creditor and no amount shall be paid to Byline as a result of an Unsecured Non Priority Claim.

**Class Six- Allowed Non Priority Unsecured Claims** - Each Holder of Allowed Class 6 Claims (American Express Centurion Bank, American Express Travel Related Services, JPMorgan Chase Bank, N.A. (3 claims), Citibank SD, N.A., Comenity Bank, DSNB Macy's, Quantum3 Group LLC, Synchrony Bank, Target Credit Card and Wells Fargo Bank, N.A. (3 accounts)) which total $190,127.29 shall be paid 100% percent without interest of all Claims held by such Holders beginning the month after plan confirmation for one hundred and twenty months with a payment each month of $1,584.39 pro rata (total payment of $190,127.29). (100%)

ARTICLE IV IMPLEMENTATION OF PLAN

4.1 All of the assets of the Debtors and this estate shall vest in the Debtors upon Confirmation of the Plan subject only to the terms and conditions of this Plan.

4.2 Debtors shall be entitled to manage their affairs without further Order of this Court.

4.3 Upon Confirmation, the Confirmed Plan shall become a binding agreement between

the Debtors and his creditors, superseding all pre-petition obligations of the Debtors to his Creditors. So long as Debtors acts in accordance with the Plan terms, Creditors shall have no right of action (including but not limited to proceeding with a foreclosure sale and other State Court rights) against Debtors to pursue Debtors for payment and Creditors are enjoined and prohibited from taking such action. Any such action by a Creditor violating this paragraph shall give the Debtors a Cause of Action against such Creditor for Damages which shall be determined just as Damages are computed and allowed for a Violation of the Automatic Stay/Discharge Injunction/Confirmation Order.

4.4 This Plan is self-executing. The Debtors shall not be required to execute any newly created documents to evidence the claims, liens or terms of repayment to the holder of any Allowed Claim. Furthermore, upon the completion of the payments required under this Plan to the holders of Allowed Claims, such Claims and any liens that may support such Claims shall be deemed released and discharged.

## ARTICLE V EXECUTORY CONTRACTS

5.1 All executory contracts and unexpired leases which exist between the Debtors and any other party, whether such executory contract be in writing or oral, which has not been previously assumed, assigned or rejected by the Debtors shall be deemed rejected by the Debtors as of the Confirmation of this Plan except the vehicle lease with Toyota Motor Trust.

## ARTICLE VI
## COURT'S RETENTION OF JURISDICTION

6.1 The Bankruptcy Court shall retain jurisdiction after Confirmation to: (i) consider applications for fees and allowances for professional persons; (ii) supervise the implementation of this Plan; (iii) hear and conclude all adversary proceedings or contested matters; (iv) resolve disputes regarding interpretation of this Plan; (v) fix expenses of administration; (vi) enter

Orders to further consummation of the Plan; (vii) approve modification of the Plan upon motions brought before the Bankruptcy Court; (viii) consider all applications and matters pending before the Bankruptcy Court on the date of Confirmation; (ix) hear and conclude any adversary proceedings and other matters relating or giving rise to litigation recoveries (x) enter any order, including injunctions, necessary to enforce title, rights and powers of the Debtors, and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as the Bankruptcy Court may deem necessary; (xi) close and or reopen this Bankruptcy Case for any appropriate purpose but specifically to enter a Discharge and/or hold proceedings related to the Debtors' Discharge; and (xii) enter an Order concluding and terminating this Chapter 11 case.

## ARTICLE VII
## CONFIRMATION OF PLAN UNDER SECTION 1129(b) OF THE BANKRUPTCY CODE

7.1 The Debtors reserve the right, pursuant to Section 1129(b) of the Bankruptcy Code, to request the Bankruptcy Court to confirm the Plan if all applicable requirements of Section 1129 (a) of the Bankruptcy Code, other than Section 1129(a) (8), are met.

## ARTICLE VIII
## UNCLAIMED PROPERTY

8.1 In the event that any distribution made by the Debtors under this Plan remains unclaimed ninety (90) days after such distribution is made, this distribution will become property of the Debtors and shall not be recouped in subsequent distributions. After expiration of the ninety (90) day period set forth herein, the claimant whose funds remain unclaimed shall forfeit any and all legal and equitable right to such distribution and the proceeds thereof.

## ARTICLE IX
## EFFECT OF CONFIRMATION

9.1 The provisions of the confirmed Plan shall bind all creditors and other parties in interest, whether or not such persons accept the Plan. The distributions provided under the Plan

shall be in exchange for and in complete satisfaction and release of all Claims against any of the assets or properties of the Debtors. Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on and after Confirmation, all holders of Claims shall be precluded from asserting any Claim against the Debtors.

## ARTICLE X
## INTEREST AND PENALTIES

10.1 Except as otherwise provided herein, or required by the Bankruptcy Code, no interest or penalties accruing on or after April 22, 2015, shall be paid on any Allowed Claim nor shall any creditor claiming any such interest or penalty be entitled to have its Claim for interest or penalty allowed for payment pursuant to the Plan.

## ARTICLE XI
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

11.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors has scheduled such claim as disputed, contingent, or unliquidated.

11.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

11.03 Settlement of Disputed Claims. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE XII
## DISCHARGE

12.01.Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan in Class Three, or as otherwise provided in § 1141(d)(5) of the Code.

           ALREDO AVILA and TERESITA MARSAL-AVILA

           By: /s/Paul M. Bach
           Paul M. Bach, one of his attorneys

DEBTOR'S COUNSEL:
Paul M. Bach
Penelope N. Bach
SULAIMAN LAW GROUP, LTD
900 Jorie Blvd Suite 150
Oak Brook, IL 60523
(630) 575 - 8181